# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS PALMER, | Case No. ED CV 12-870 BRO (MRW) |
| Plaintiff, | |
| vs. | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| FRANCISCO QUINTANA, et al., | |
| Defendants. | |

The Court vacates the reference of this action to the Magistrate Judge and dismisses this action without prejudice.

\* \* \*

This is a prisoner civil rights action involving a former federal inmate at FCI Victorville. Plaintiff filed a complaint against the warden and numerous medical and correctional personnel at the prison. The allegations related to the regularity and frequency by which Plaintiff, a diabetic, received insulin and medical care. (Docket # 5.)

Magistrate Judge Wilner reviewed the original complaint pursuant to the Prison Litigation Reform Act. (Docket # 7.) Judge Wilner ordered the complaint to be served on four named defendants. However, Judge Wilner determined that Plaintiff failed to plead a plausible cause of action against the remaining defendants. Plaintiff subsequently filed two amended complaints. (Docket # 9, 12.) Judge Wilner reviewed those pleadings and again declined to order them served on defendants.

The U.S. Marshals Service served two of the defendants (Allen and Wolverton). The Marshals Service was unable to serve the other two defendants for whom Judge Wilner ordered service. Plaintiff was unable to provide sufficient information to allow the Marshals Service to effect service of process. (Docket # 32, 33.)

Defendants Allen and Wolverton moved to dismiss the action for failure to state a claim. (Docket # 19.) In May 2013, the Court granted the motion to dismiss the claims as to those served parties. (Docket # 45.) The ruling was without prejudice to Plaintiff attempting to replead his claims against Allen and Wolverton. Additionally, the Court dismissed the unserved defendants without prejudice.

Judge Wilner's dismissal order directed Plaintiff to file an amended complaint by early June 2013 or face dismissal of the entire action. (Docket # 45 at 9.) Plaintiff failed to do so. The Court subsequently issued an order to show cause why the action should not be dismissed returnable in July 2013. (Docket # 46.) To date, Plaintiff has not filed anything in response to the Court's orders.[1]

* * *

---

[1] The Court confirmed through the BOP's website that Plaintiff is currently housed at the Federal Medical Center in Springfield, Missouri, which is the address listed on the Court's docket.

2

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).

In the current case, the Court finds dismissal is appropriate. Over the past few months, Plaintiff demonstrated that he has no interest in pursuing this civil action. Plaintiff failed to comply with several clear, direct instructions from the magistrate judge after the dismissal of the complaint. (Docket # 45, 46.) Those instructions required Plaintiff to file amended complaints that complied with federal law. Plaintiff failed to do so. Moreover, Plaintiff's earlier attempts at amending his complaint were unsuccessful in stating viable civil rights causes of action.

Plaintiff's conduct has unnecessarily delayed the litigation. As a result, the Court, the government, and the public have a strong interest in terminating this action. Furthermore, because Plaintiff is a pro se litigant who has not responded to the Court's most recent notices about the status of the case, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

3

1   Therefore, this action is DISMISSED without prejudice.
2   IT IS SO ORDERED.
3
4   DATED: August 16, 2013
5
    _____
6   HON. BEVERLY REID O'CONNELL
    UNITED STATES DISTRICT JUDGE

4